No. 33,387

In re Application of CARL PERRY for a Writ of Habeas Corpus.

(64 P. 2d 578)

Opinion filed January 26, 1937.

*Ezra Branine, Alden E. Branine, Fred Ice,* all of Newton, and *R. O. Mason,* of McPherson, for the petitioner.

*Paul E. Alyward,* county attorney, and *V. E. Danner,* of Ellsworth, for the respondent.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in habeas corpus. Petitioner was arrested on a warrant issued November 12, 1936, charging him with obtaining certain property by false pretense. At the preliminary hearing held December 31, 1936, before Joseph Pelishek, a justice of the peace at Ellsworth, he was held for trial in the district court for embezzlement in three counts with respect to the property. He contends the evidence is insufficient to support the finding that the offense of embezzlement had been committed, and further contends if the evidence discloses any offense was committed the prosecution was barred by the two-year statute of limitations.

As tending to support the finding of the magistrate that the offense of embezzlement had been committed, the testimony produced at the preliminary examination may be summarized as follows: Minnie Schrader, a widow, seventy-seven years of age, an invalid confined much of the time to her room, lives in Ellsworth with her two daughters, Alma Schrader and Elsie Libby. Under her direction her daughter Alma transacted some of her business. She owned sixty shares of stock, of the face value of $6,000, in the United Telephone and Electric Company, referred to as the electric com-

pany stock. She also owned sixty shares of stock, of the face value of $6,000, in the United Telephone Company, spoken of as the telephone company stock. She kept those certificates of stock in a box at her home. In May, 1934, the petitioner borrowed the electric company stock for some purpose, agreeing to pay to her the same interest or dividends the company would pay, and stating that he would return the stock to her any time she wanted it. In October, 1934, he paid $90 on the electric stock, that being the amount of the dividend or income therefrom, and borrowed it for another six months on the same terms. About that time he learned that she had the telephone company stock, advised her that it was likely to depreciate in value, and that she should exchange it for government bonds. She let him have that stock to be exchanged for five-year government bonds. There was some talk between the parties, perhaps in December, 1934, and on one or more occasions in the spring of 1935. In August, 1935, Mrs. Schrader demanded of him the stock, or the government bonds, or payment for the stock, none of which she received. At sometime in their dealings the petitioner got Mrs. Schrader to sign a receipt which recited that she had received $6,000 in cash in payment of both issues of stock, but no such payment of cash was made. The evidence would indicate that this was a mythical thing which the petitioner, for some purpose of his own, procured Mrs. Schrader unwittingly to sign. He also left with her at one time his note for $6,000, and later what might be regarded as renewals of that note for less amounts in view of some payments, and he did make some payments of money to Mrs. Schrader, and later to a collector she had employed to try to get the stock or the money from him, amounting in all to $1,230. The evidence indicates that these arrangements or devices were not intended to and did not change the primary agreement and understanding between the parties, namely, that he had borrowed the electric company stock to be returned on demand, and that he had taken the telephone company stock to be exchanged for government bonds, which were to be delivered to Mrs. Schrader.

We shall not go into niceties in analyzing the law of embezzlement or wrongful appropriation of the property of another. It is sufficient to say we think this evidence sustains the findings of the magistrate. Neither is it clear that the offense charged was committed more than two years before the warrant for his arrest was

issued. Perhaps the statute did not begin to run until the demand was made in August, 1935. This was a preliminary examination. To entitle petitioner to his discharge on habeas corpus it should clearly appear that the offense had not been committed, or that any offense committed was certainly barred by the statute of limitations. Neither of those things can be said here.

The application for the writ is denied.